UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60818-CV-SMITH
MAGISTRATE JUDGE REID

PENDER SENATUS,

    Plaintiff,

v.

GERARDO LOPEZ, *et al.,*

    Defendants.

    _____/

### REPORT OF MAGISTRATE JUDGE
### RE CIVIL RIGHTS COMPLAINT UNDER BIVENS[1]
### [ECF No. 1]

## I. Introduction

Plaintiff, **Pender Senatus,** a convicted federal felon, has filed a *pro se* civil rights complaint, pursuant to *Bivens,*[2] alleging a claim of excessive use of force

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971).

[2] Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In *Bivens,* the United States Supreme Court recognized for the first time an implied private action for damages against federal officers for violations of certain constitutional rights despite the absence of any statute conferring such right. *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 66 (2001). A *Bivens* action is the federal counterpart of an action under 42 U.S.C. § 1983. Such an action is brought pursuant to 28 U.S.C. § 1331 and the applicable provisions of the United States Constitution. "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." *Dean v. Gladney,* 621 F.2d 1331, 1336 (5th Cir. 1980), *cert. denied sub nom. Dean v. County of Brazoria,* 450 U.S. 983 (1981). Thus, courts generally apply §1983 law to *Bivens* cases. *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995). Accordingly, the proper defendants in a *Bivens* claim are the federal officers

- 1 -

against the following three Defendants: Gerardo Lopez, David Jaques, and Hank Juntunen, all employees of the Broward County Sheriff Office, but deputized by the United States Marshal and working as part of a federal Fugitive Task Force at the time of Plaintiff's arrest.[3] [CV ECF No. 1 at 1, 6], *See also United States v. Senatus,* No. 18-80029-CR-Marra (S.D. Fla. Jan. 24, 2019). [CR ECF No. 1, 4, 50].[4] As discussed below, this Complaint should be DISMISSED for failure to state a claim upon which relief can be granted.

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), and S.D. Fla. Admin. Order 2019-02.

Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer,* 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP").

---

who allegedly violated Plaintiff's constitutional rights, not the federal agency which employs the officers. *FDIC v. Meyer,* 510 U.S. 471, 485-86 (1994).

[3]The three named Defendants are considered federal officers because they were authorized to "investigate . . . fugitive matters within and outside of the United States" and are directed by the United States Attorney General. *See United States v. Smith,* 743 F. App'x 943, 948 (11th Cir. 2018), *cert. denied,* 139 S. Ct. 1206 (2019)(citing 28 U.S.C. § 66).

[4]The court has considered relevant pleadings filed in the underlying criminal case, and takes judicial notice of its own records. *See* Fed. R. Evid. 201; *Nguyen v. United States,* 556 F.3d 1244, 1259 n. 7 (11th Cir. 2009)(citing *United States v. Glover,* 179 F.3d 1300, 1302 n. 5 (11th Cir. 1999)).

## II. Standard of Review

### A. *Bivens* Action

Because "*Bivens* actions are analogous to § 1983 actions," the Eleventh Circuit has applied "§ 1983 law to *Bivens* cases." *Glover v. Eighth Unknown D.E.A. Agents/Drug Task Force Agents from Birmingham, Ala. Task Force*, 225 F. App'x 781, 784 (11th Cir. 2007)(per curiam)(citing *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995)). Standing alone, § 1983 "does not create any substantive rights, 'but merely provides a method for vindicating federal rights elsewhere conferred.'" *Glover,* 225 F. App'x at 784 (quoting *Graham v. Connor,* 490 U.S. 386, 393-94 (1989)). "Therefore, to prevail in a § 1983 action, the plaintiff must show that he was deprived of a federal right by a person acting under the color of state law." *Glover,* 225 F. App'x at 784 (citing *Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001)).

### B. 28 U.S.C. §1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding IFP, the complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott,*

350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 785 (11th Cir. 2018)(per curiam).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018)(citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017)(per curiam). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The court may also not construct a litigant's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993); or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When read liberally, however, a *pro se* pleadings "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)(quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

### III. Discussion Re Unlawful :Use of Force Claim

### A. Summary of the Factual Allegations

Plaintiff alleges that during his July 25, 2017 arrest, he was "brutally beaten" by the three named Defendants. [ECF No. 1 at 2]. As a result, Plaintiff states he "suffered major injuries to his head," resulting in "black outs and memory loss," and that his "front teeth" were all "knocked out." [*Id.*]. He claims he was "found not guilty" at trial. [*Id.*].[5] He seeks compensatory damages. [*Id.*].

---

[5]Although his Complaint is sworn to under penalty of perjury, this representation to the court is not entirely correct. Plaintiff was acquitted as to the three counts of forcible assault against the named Defendants, but found guilty of felon in possession of ammunition. *See United States v. Senatus,* No. 18-80029 (S.D. Fla. Jan. 24, 2019) [CR ECF No. 76].

## B. Applicable Law Re Excessive Force

The Eleventh Circuit has found that excessive use of force cases are recognized within the contours of the *Bivens* decision. *See Gomez v. United States,* 601 F. App'x 841 (11th Cir. 2015)(applying Fourth Amendment to *Bivens* suit against federal officer). The Fourth Amendment's "right to be free from unreasonable searches and seizures includes 'the right to be free from the use of excessive force in the course of an arrest.'" *Weiland v. Palm Beach County Sheriff's Office,* 792 F.3d 1313, 1326 (11th Cir. 2015)(quoting *Sanders v. Duke,* 766 F.3d 1262, 1266-67 (11th Cir. 2014)). Thus, Plaintiff's claim is governed by the Fourth Amendment and its "reasonableness standard." *Weiland,* 792 F.3d at 1326 (citing *Plumhoff v. Richard,* 134 S.Ct. 2012, 2020 (2014) and *Graham v. Connor,* 490 U.S. 386, 395 (1989)).

In order to determine whether the amount of force used was "reasonable" for Fourth Amendment purposes, courts are instructed to consider "not only when a seizure is made, but also how it is carried out." *See Gomez v. United States,* 601 F. App'x 841, 849 (11th Cir. 2015)(quoting *Tennessee v. Garner,* 471 U.S. 1, 8 (1985)). Other considerations include "whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *See Weiland,* 792 F.3d at 1326 (quoting *Graham v. Connor,* 490 U.S. 386, 396 (1989)). "Reasonableness is judged

objectively 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Weiland,* 792 F.3d at 1326 (quoting *Graham,* 490 U.S. at 396).

Plaintiff must allege "concrete facts" in order to "provide an officer with notice of the 'hazy border between excessive force and acceptable force." *See Stephens v. DeGiovanni,* 852 F.3d 1298, 1317 (11th Cir. 2017)(citing *Fils v. City of Aventura,* 647 F.3d 1272, 1291 (11th Cir. 2011)(quoting *Lee v. Ferraro,* 284 F.3d 1188, 1198-99 (11th Cir. 2002)). Thus, it needs to be determined whether the conduct of the arresting officers in effectuating the arrest was "objectively reasonable or if it was an over-reactive, disproportionate action for the situation relative to the response of the apprehended person." *See Stephens,* 852 F.3d at 1316. In other words, whether a "reasonable officer" would "believe" that the amount of force used was proper and "necessary in the situation at hand." *Stephens,* 852 F.3d at 1321.

### C. Analysis

As applied, Plaintiff has stated insufficient facts to determine the *Graham* factors, which include (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *See Stephens,* 852 F.3d at 1321-22 (citing *Graham,* 490 U.S. at 396).

Accepting the allegations as set forth in the complaint as true, Plaintiff has not alleged sufficient facts to demonstrate the context in which the force was deployed so that this court could determine whether or not such force was constitutionally permissible under the circumstances. *William v. Bramer,* 180 F.3d 699, 703-04 (5th Cir. 1999). He provides no facts to place in context how the "brutal beating" occurred, what prompted the beating, where it occurred, and under what circumstances. Thus, Plaintiff's Fourth Amendment excessive-use-of-force claim should be DISMISSED for failure to state a claim upon which relief can be granted.

### IV. Recommendations

Based upon the foregoing, it is recommended that:

1. The unlawful use of force claim be DISMISSED for failure to state a claim upon which relief can be granted under § 1915(e);

2. Judgment be entered in favor of the Defendants; and,

3. the case CLOSED.

Notwithstanding, it is also recommended that Plaintiff be permitted to amend the complaint to cure the deficiencies, if he so chooses, by a date certain. *See Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002)(citations omitted)(finding that § 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required under Fed. R. Civ. P. 15.). Plaintiff should be warned that failure to amend by the given date may result in

dismissal of this action under § 1915(e) and/or the case remaining closed since Plaintiff has failed to state a claim upon which relief can be granted.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 4th day of June, 2020.

                                                     UNITED STATES MAGISTRATE JUDGE

cc:     Pender Senatus, *Pro Se*
         Inmate Jail No. 501702929
         BOP Reg. No. 17144-104
         Broward County Main Jail
         Inmate Mail/Parcels
         P.O. Box 9356
         Fort Lauderdale, FL  33310