UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60818-CV-SMITH
MAGISTRATE JUDGE REID

PENDER SENATUS,
        Plaintiff,

v.

GERARDO LOPEZ, *et al.,*

        Defendants.
_____/

## REPORT OF MAGISTRATE JUDGE REID

This cause is before the Court on Plaintiff's *pro se* Amended Complaint filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971), arising from the purported use of excessive force by Defendants Gerardo Lopez ("Officer Lopez"), David Jaques ("Officer Jacques"), and Hank Juntunen ("Officer Juntunen"), in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution. *See* [ECF No. 25]. Defendants are employees of the Broward County Sheriff's Office but deputized by the United States Marshal and were working as part of a federal Fugitive Task force at the time of Plaintiff's arrest. [ECF No. 25]; *see also United States v. Sentatus*, No. 18-80029-CR-Marra (S.D. Fla. Jan. 24, 2019) [CR ECF No. 1, 4, 50].

This case has been referred to the Undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-02. [ECF No. 2]. Because Plaintiff is proceeding *in forma pauperis* [ECF No. 5], his Amended Complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007).

Accordingly, for the reasons set forth below the Undersigned **RECOMMENDS** that Plaintiff's Amended Complaint [ECF No. 25] **PROCEED** against all Defendants for excessive use of force in violation of the Fourth Amendment.

## I. Standard of Review

Because "*Bivens* actions are analogous to § 1983 actions," the Eleventh Circuit has applied "§ 1983 law to *Bivens* cases." *Glover v. Eighth Unknown D.E.A. Agents/Drug Task Force Agents from Birmingham, Ala. Task Force*, 225 F. App'x 781, 784 (11th Cir. 2007) (*per curiam*) (citing *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995)). Standing alone, § 1983 "does not create any substantive rights, 'but merely provides a method for vindicating federal rights elsewhere conferred.'" *Id.* (quoting *Graham v. Connor,* 490 U.S. 386, 393-94 (1989)). "Therefore, to prevail in a § 1983 action, the plaintiff must show that he was deprived of a federal right by a person acting under the color of state law." *Id.* (citing *Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001)).

However, the Court is required to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(3)(2)(b)(ii), 1915A; *see also Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018). The Court takes the allegations made in a plaintiff's complaint as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). The same standard is used for failure to state a claim under Fed. R. Civ. P. 12(b)(6) as well as § 1915(e)(2)(B)(ii).Where the complaint fails to state a claim to relief that is plausible on its face," a court must dismiss the complaint. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v.*

2

*Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017)) (*per curiam*). Although a *pro se* pleading is liberally construed, it still must "suggest that there is some factual support for a claim." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II. Background

1) <u>Plaintiff's Factual Allegations</u>

On July 25, 2017, Plaintiff alleges he was sitting in his driveway located at 702 S.W. 2nd Street in Delray Beach, Florida, talking on his cell phone with his sister. [ECF No. 25 at 1]. As he stood up to walk inside his residence, he heard a loud command, "Don't move! Don't run!" [*Id.*]. Plaintiff turned around and saw that the screams and commands were coming from officers. [*Id.*]. Before he could say anything or react, an officer jumped on him, causing him to fall to his knees. [*Id.*]. The officer then turned Plaintiff around and placed him on his stomach, while Plaintiff continually asked, "What did I do?" [*Id.* at 2].

While lying face down on the ground, Plaintiff suddenly heard an officer scream, "He got a gun, he got a gun!" [*Id.*]. Plaintiff was still face down on the ground, with his right wrist in a handcuff, when an officer got on his back, and placed his left wrist in a handcuff. [*Id.*]. Several officers then began "punching and kicking him, while screaming 'stop resisting! Stop resisting!'" [*Id.*]. Plaintiff responded to the officers, "I'm not resisting, I'm not resisting!" [*Id.*]. Plaintiff attempted to lie as still as possible, hoping the beating would soon end. [*Id.*]. However, the beating continued, and Plaintiff was "continuously punched and kicked[,] nearly to the point of unconsciousness." [*Id.*]. His only defense was to turn his head in the opposite direction from the officers' punches and kicks, but one of the officers kicked him in the mouth, causing him to swallow a tooth. [*Id.*].

Suddenly, Plaintiff was raised to his knees, weak, bloody, and with his head hurting severely. [*Id*.]. He tried to talk with his mouth full of blood and felt several more teeth fall out of his mouth to the ground. [*Id*.]. Despite Plaintiff being hog-tied by his hands and feet, the officers dragged him to the front of the "car porch" and purposefully dropped him face first onto the pavement. [*Id*.]. While on the pavement, Officer Lopez came up to Plaintiff and struck him with a closed fist in his face, calling him a "Nigger." [*Id*.]. Plaintiff was then carried to a fire rescue truck, rendered unconscious from the "brutal beating[,]" and transported to an area hospital. [*Id*.].

As a result of the beating, Plaintiff suffered a "broken nose, black eye, several hematomas (knots) all over his head and face, five missing teeth, a fractured jaw, and severe long-term, possibly permanent damage to his right arm." [*Id*. at 3]. He is still unable to raise his arm over his head and frequently has nightmares of police officers beating him. [*Id*.]. Plaintiff was able to identify which officers participated in the brutal assault and acted in concert together, but because he turned his head away from the "blows in an attempt to shield his face, he [was] unaware of which officers threw the first or final blows." [*Id*.].

As for relief sought, Plaintiff requests a declaratory judgment, compensatory and punitive damages, and any other relief the Court deems just, proper, and equitable. [*Id*. at 4-5].

2) <u>Relevant Criminal Procedural Posture</u>

With respect to the incident at issue, on February 13, 2018, Plaintiff was charged with three counts of forcible assault on a federal officer (Counts 1, 2 & 3); carrying a firearm during a crime of violence (Count 4); and possession of ammunition by a felon (Count 5), in criminal Case No. 18-80029-CR-Williams. [CR-ECF No. 1 at 1]. Plaintiff proceeded to trial, and on January 24, 2019, Plaintiff was found guilty on Count 5, but acquitted on all other counts. [CR-ECF No. 76].

### III. Discussion

The Eleventh Circuit has found that excessive-use-of-force cases are recognized within the contours of the *Bivens* decision. *See Gomez v. United States,* 601 F. App'x 841 (11th Cir. 2015) (applying Fourth Amendment to *Bivens* suit against federal officer). Here, Plaintiff brings his claims under the Eighth and Fourteenth Amendment to the United States Constitution. [ECF No. 25 at 3-4]. However, the Fourth Amendment's "right to be free from unreasonable searches and seizures includes 'the right to be free from the use of excessive force in the course of an arrest.'" *Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313, 1326 (11th Cir. 2015) (quoting *Sanders v. Duke,* 766 F.3d 1262, 1266-67 (11th Cir. 2014)). Thus, Plaintiff's claim is governed by the Fourth Amendment and its "reasonableness standard." *Weiland,* 792 F.3d at 1326 (citing *Plumhoff v. Richard*, 572 U.S. 765, 773-74 (2014); *Graham v. Connor,* 490 U.S. 386, 395 (1989)).

In order to determine whether the amount of force used was "reasonable" for Fourth Amendment purposes, courts are instructed to consider "not only when a seizure is made, but also how it is carried out." *Gomez,* 601 F. App'x at 849 (quoting *Tennessee v. Garner,* 471 U.S. 1, 8 (1985)). Other considerations include "whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Weiland,* 792 F.3d at 1326 (quoting *Graham,* 490 U.S. at 396). "Reasonableness is judged objectively 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Id.* (quoting *Graham,* 490 U.S. at 396). "*Graham* dictates unambiguously that the force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight." *Lee v. Ferraro*, 284 F.3d 1188, 1198 (11th Cir. 2002).

Here, Plaintiff has alleged sufficient facts to show that the officers used excessive force and violated his Fourth Amendment rights. In accordance with the *Graham* factors and taking his allegations as true, Plaintiff has demonstrated that force used by Defendants in carrying out Plaintiff's arrest was unreasonably proportional to the force exhibited. *See Lee*, 284 F.3d at 1198. According to Plaintiff, he was not committing a crime, was restrained, and not resisting arrest when Defendants brutally beat him. *See Weiland,* 792 F.3d at 1326. Plaintiff was allegedly on the ground in handcuffs when Defendants began punching and kicking him as he lost consciousness and Officer Lopez punched him with a closed fist. [ECF No. 25 at 2]. Further, Plaintiff claims he sustained severe injuries as a result of the brutal beating. [*Id.* at 3].

Therefore, at this juncture, Plaintiff has pleaded a plausible claim against Defendants for a violation of his rights under the Fourth Amendment and the claim should proceed.

### IV.    Punitive Damages

Plaintiff seeks punitive damages against all Defendants. [ECF No. 25 at 4]. Punitive damages may be awarded under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983). "While the *Smith* Court determined that it was unnecessary to show actual malice to qualify for a punitive award, ... its intent standard, at a minimum, required recklessness in its subjective form." *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526 (1999). *Smith* refers to a "subjective consciousness" of a risk of injury or illegality and a "criminal indifference to civil obligations." *Id.* (quoting *Smith*, 461 U.S. at 37 n.6). At this early juncture, since it cannot be determined whether punitive damages should be awarded against all Defendants arising from the facts alleged, the punitive damage claim should proceed.

### V.    Declaratory Relief

Plaintiff is also seeking "[a] declaration that the acts and omissions described herein violated [his] Constitution rights under federal and state law . . . ." [ECF No. 25 at 4]. A federal district court is empowered to issue a declaratory judgment by the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Section 2201 provides, in pertinent part:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

That statute, "echoing the 'case or controversy' requirement of Article III of the Constitution, provides that a declaratory judgment may only be issued in the case of an 'actual controversy.'" *Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985) (quoting *Lake Carriers' Assoc. v. MacMullan*, 406 U.S. 498, 506 (1972)). "That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Id.* at 1552 (citations omitted). However, a "continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.* A "remote possibility" of "future injury" is not enough. *Id.* "When the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997).

Here, because Plaintiff has solely alleged that Defendants' past conduct violated his rights, declaratory relief would have no force or effect. *See Rager v. Augustine*, 760 F. App'x 947, 954 (11th Cir. 2019). Therefore, declaratory relief to prevent future harm to Plaintiff at the hands of the Defendants is unnecessary at this juncture.

## VI. Recommendations

Based upon the above, it is **RECOMMENDED** that the Amended Complaint [ECF No. 25] **PROCEED** against all Defendants.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

SIGNED this 21st day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     Pender Senatus, *Pro Se*
        Inmate Jail No. 501702929
        BOP Reg. No. 17144-104
        Broward County Main Jail
        Inmate Mail/Parcels
        P.O. Box 9356
        Fort Lauderdale, FL  33310