**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 20-60818-CV-SMITH-REID**

**PENDER SENATUS,**

     **Plaintiff,**

**v.**

**GERARDO LOPEZ,** *et al.*,

     **Defendants.**

_____/

<u>**DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINT**</u>
<u>**AS IMPROPERLY GHOSTWRITTEN**</u>

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ............................................................................................... 1

II.     BACKGROUND ............................................................................................... 2

III.    ARGUMENT ................................................................................................... 4

   A.    Ghostwriting Is Improper and Universally Condemned by Courts .................. 5

   B.    This Court Should Determine That the Amended Complaint Was Ghostwritten Because It Was "Manifestly Written by Someone with Some Legal Knowledge." ....................................................................................... 8

   C.    This Court Should Strike the Amended Complaint as Improperly Ghostwritten ..................................................................................... 12

IV.     CONCLUSION ............................................................................................... 14

Pursuant to Fed. R. Civ. P. 12(f), Fed. R. Civ. P. 11(a), and this Court's inherent powers, Defendants Gerardo Lopez, David Jaques, and Hank Juntunen, by and through the undersigned Assistant United States Attorney, hereby move to strike purportedly *pro se* Plaintiff Pender Senatus's Amended Complaint, CIV. D.E. 25,[1] on the basis that the pleading was improperly "ghostwritten" by an undisclosed attorney or someone else with significant legal knowledge, and state as follows.

## I.   <u>INTRODUCTION</u>

Plaintiff Pender Senatus, purportedly proceeding *pro se* and a self-proclaimed man of "modest knowledge where these things are concerned" with "little experience & little resources," CIV D.E. 10, brings this *Bivens* action against Defendants Lopez, Jaques, and Juntunen, alleging that they violated his constitutional rights by using excessive force in the course of arresting him on July 25, 2017 while they were acting as deputized officers of the United States Marshals Service.   However, Plaintiff's Amended Complaint, CIV D.E. 25, is a sophisticated legal document, utilizing appropriate legal diction, appropriately citing statutes, rules of procedures, and court filings, and largely following the procedural norms of Fed. R. Civ. P. 8 and 10.  In short, although Plaintiff purports to be proceeding *pro se*, Defendants strongly suspect that the Amended Complaint was ghostwritten by an attorney or someone else with significant legal knowledge, because the document, on its face, "was manifestly written by someone with some legal knowledge." *Ellis v. State of Me.*, 448 F.2d 1325, 1328 (1st Cir. 1971).

The practice of an attorney ghostwriting substantive pleadings for a *pro se* litigant is widely condemned as improper and misleading.  A lawyer ghostwriting a *pro se* litigant's brief "without

---

[1] Defendants refer to court filings in the instant case as "CIV D.E."  Defendants refer to court filings in the federal criminal case brought against Senatus, *United States v. Senatus,* No. 18-80029-CR-Marra (S.D. Fla.), as "CRIM D.E.".

1

entering an appearance in th[e] case not only affords [the Plaintiff] the benefit of this court's liberal construction of pro se pleadings, but also inappropriately shields [the lawyer] from responsibility and accountability for his actions and counsel." *Duran v. Carris*, 238 F.3d 1268, 1271–72 (10th Cir. 2001) (citations omitted).  Thus the Rules Regulating the Florida Bar specifically restrict the practice, noting that "the lawyer must indicate 'Prepared with the assistance of counsel' on the document to avoid misleading the court, which otherwise might be under the impression that the person, who appears to be proceeding pro se, has received no assistance from a lawyer." *In re Hood*, 727 F.3d 1360, 1363–64 (11th Cir. 2013) (quoting R. Regulating Fla. Bar 4–1.2(c) cmt.).

Accordingly, because it is apparent that Plaintiff's Amended Complaint was improperly ghostwritten by an undisclosed attorney or other individual with significant legal training, Defendants respectfully request that this Court determine that the Amended Complaint was improperly ghostwritten and strike it, require Senatus to certify that future filings were not prepared with the assistance of an attorney, and take any other appropriate measures regarding the improper ghostwriting that this Court deems just and proper.

## II.   <u>BACKGROUND</u>

This case arises from the arrest of Plaintiff Pender Senatus on July 25, 2017.  Defendants, Officers of the Broward County Sheriff's Office, were at the time deputized as Special Deputy United States Marshals working as part of a federal Fugitive Task Force whose duties included locating and arresting potentially dangerous criminal suspects.  *See* CIV D.E. 6 at 2 & nn.3-4; *see also* CRIM D.E. 85-3, 85-4, 85-5.  At the time, Senatus had an outstanding warrant for murder. *See* CRIM D.E. 1, 85-2; *see also State of Florida v. Senatus*, No. 17008780CF10A (Fla. 17th Cir.

Ct.).[2]  On July 25, 2017, as part of their federal duties, Defendants located Senatus and executed the outstanding warrant by arresting him.  The United States Attorney's Office for the Southern District of Florida brought criminal charges against Senatus arising from the arrest, alleging that in the course of the arrest Senatus forcibly assaulted Defendants and resisted arrest by using a deadly weapon, a semiautomatic handgun.  CRIM D.E. 1.  Following trial, the jury convicted Senatus for being a felon in possession of the ammunition in that handgun, but acquitted him on the other charges, including the assault charges, under on the stringent "beyond a reasonable doubt" standard required for liability in criminal cases.  CRIM D.E. 76.  Senatus was subsequently sentenced to nine years imprisonment.  CRIM D.E. 101.  Senatus remains in Broward County Jail awaiting trial on the state murder charges.

Senatus filed his *pro se* Complaint, CIV D.E. 1, against Defendants on April 21, 2020, alleging that they violated his constitutional rights by using excessive force in the course of arresting him.  The Complaint was handwritten and filed on a standard "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" form.[3]  The Statement of Claim, describing the facts, was about three sentences long.  The Magistrate Judge, sua sponte, reviewed the complaint, which was filed *in forma pauperis*, pursuant to the screening provisions of 28 U.S.C § 1915(e)(2), and determined that the complaint failed to state a claim upon which relief can be granted because "Accepting the allegations as set forth in the complaint as true, Plaintiff has not alleged sufficient facts to demonstrate the context in which the force was deployed so that this court could determine whether

---

[2] The criminal murder charges against Senatus remain pending in Florida state court.

[3] Given that Defendants were acting as deputized United States Marshals Service officers at the time of the arrest, this Court has properly construed Senatus's claim to be a *Bivens* claim, rather than a § 1983 claim.  *See* CIV D.E. 6, D.E. 28.

or not such force was constitutionally permissible under the circumstances." CIV D.E. 6 at 8.  The Magistrate Judge recommended that the complaint be dismissed, and also recommended that the Plaintiff be given leave to amend the complaint to attempt to cure the deficiencies.  *Id.*  This Court adopted those recommendations.  CIV D.E. 18.

Following the Magistrate Judge's Report, CIV D.E. 6, Plaintiff filed objections, motions, and letters seeking to cure the deficiencies identified in the Report as well as seeking extensions of time to do so. *See* CIV D.E. 10; D.E. 11; D.E. 15; D.E. 17; D.E. 19; D.E. 24.  On October 29, 2020, Plaintiff filed his Amended Complaint, CIV D.E. 25, fully setting forth his claims for relief in 28 paragraphs.  On January 22, 2021, this Court reviewed the Amended Complaint pursuant to the § 1915(e)(2) screening procedures, and this time recommended that the case proceed against Defendants because it stated a claim upon which relief could be granted.  CIV D.E. 28.  The Court, noting that "a *pro se* pleading is liberally construed," *id.*  at 3, found that "Plaintiff has alleged sufficient facts to show that the officers used excessive force and violated his Fourth Amendment rights," *id.* at 6.  This Court adopted the Recommendation.  CIV D.E. 29.

The United States Attorney was served with process in this matter on April 12, 2021.  CIV D.E. 47.  Accordingly, the deadline for Defendants to respond to the Complaint is 60 days from that date, that is, June 11, 2021, and this motion is timely filed.  CIV D.E. 46; Fed. R. Civ. P. 4(i)(3).[4]

## III.   ARGUMENT

Defendants strongly suspect, based on Senatus's representations regarding his legal abilities, the extreme discrepancies in quality between Senatus's filings in this matter, as well as

---

[4] The filing of this Rule 12(f) motion tolls Defendants' deadline to answer the Complaint until 14 days after this motion is adjudicated.  Fed. R. Civ. P. 12(a)(4).

apparent discrepancies in handwriting and style in Senatus's filings, that Senatus's Amended Complaint, CIV D.E. 25, was ghostwritten by an undisclosed attorney or other individual with significant legal training.  Ghostwriting by attorneys for *pro se* litigants has been universally condemned by courts, as it causes the court and parties to believe they are dealing with a *pro se* litigant when they are in fact dealing with an attorney while simultaneously shielding the ghostwriter-attorney from ethical obligations required when making representations to the court.

Defendants respectfully request that this Court determine that the Amended Complaint was improperly ghostwritten, including by holding a hearing or taking other investigatory measures to so determine if it deems it necessary; strike the Amended Complaint; require that Senatus certify in all subsequent filings that he has not received assistance from any lawyer; and take any other action this Court deems appropriate.

### A.  <u>Ghostwriting Is Improper and Universally Condemned by Courts</u>

"The federal courts have almost universally condemned ghostwriting."  *Evangelist v. Green Tree Servicing, LLC*, 2013 WL 2393142, at *3 n.6 (E.D. Mich. May 31, 2013) (collecting extensive authority).  In a seminal opinion on the subject, the Tenth Circuit addressed the problem of attorneys preparing unsigned documents for *pro se* litigants.  *Duran*, 238 F.3d 1268.  The Court noted that Rule 11 "requires that '[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or if the party is not represented by an attorney, shall be signed by the party," and thus the practice of "providing substantial legal assistance to [the plaintiff] without entering an appearance in this case not only affords [the plaintiff] the benefit of this court's liberal construction of pro se pleadings, but also inappropriately shields [the lawyer] from responsibility and accountability for his actions and counsel."  *Id.*  at 1271-72.  The Court noted that the practice is problematic both because "Competence requires that a lawyer conduct a reasonable inquiry and determine that a filed pleading is not presented for an

improper purpose, the positions taken are nonfrivolous, and the facts presented are well grounded," and because "Ethics requires that a lawyer acknowledge the giving of his advice by the signing of his name." *Id.* at 1272. The Court held that the ghostwriting that occurred in that case "constitutes a misrepresentation to this court by litigant and attorney." *Id.* at 1272-73 (collecting authority).

The Eleventh Circuit touched on the practice of ghostwriting in *In re Hood*, 727 F.3d 1360, 1364 (11th Cir. 2013). The Court alluded to the problems of ghostwriting, noting the Florida Rules of Professional Conduct bearing on the issue, *see id.* at 1363-64, including the requirement that a lawyer assisting a *pro se* litigant with a court filing "must indicate 'Prepared with the assistance of counsel' on the document to avoid misleading the court, which otherwise might be under the impression that the person, who appears to be proceeding pro se, has received no assistance from a lawyer." *Id.* at 1363-64 (citing R. Regulating Fla. Bar. 4-1.2(c) cmt.). However, the Court determined that on the facts of that case, in which the lawyer merely helped a *pro se* litigant with "the completion of a basic, fill-in the-blank bankruptcy petition," *id.* at 1364, the lawyer's conduct did not constitute improper ghostwriting. Here, by contrast, the Amended Complaint is not a basic form; it is the substantive and operative pleading guiding this matter. It is a "substantive pleading that requires extensive preparation" of the precise sort that the Eleventh Circuit suggested would constitute improper ghostwriting. *Id.* The undisclosed lawyer improperly "wr[o]te" and "compose[d]" the Amended Complaint. *Id.*

Thus Courts in this circuit have repeatedly condemned ghostwriting of substantive filings, both before and after *Hood*. *E.g., Saint Vil v. Wells Fargo Bank, N.A.*, 2017 WL 5473745, at *5 n.5 (N.D. Ga. Jan. 18, 2017) ("The practice of 'ghost-writing' usually occurs when a member of the bar represents a *pro se* litigant informally or otherwise, and prepares pleadings, motions, or briefs for the *pro se* litigant which the assisting lawyer does not sign, and thus escapes the

professional, ethical, and substantive obligations imposed on members of the bar."); *Garcia v. Thor Motor Coach, Inc.*, 2016 WL 9376014, at *5 (S.D. Fla. Oct. 13, 2016) (noting that "ghostwriting is a deliberate evasion of responsibilities imposed on counsel under Rule 11 and has therefore been 'widely condemned as unethical'") (quoting *Barfield v. Chisholm Props. Circuit Events, LLC*, 2010 WL 2278461, at *4, n. 4 (N.D. Fla. May 4, 2010)); *Hammett v. Sec'y, Dep't of Homeland Sec.*, 2011 WL 13175525, at *1 (M.D. Fla. Apr. 28, 2011) ("Contrary to Plaintiff's self-proclaimed '*pro se*' status, her present motion appears to have been written by someone with formal legal training. An attorney who ghost-writes pleadings for a purportedly *pro se* litigant engages in unethical behavior and violates Fed. R. Civ. P. 11."); *Downey v. Midland Funding, LLC*, 2017 WL 8186786, at *11 (N.D. Ga. Dec. 19, 2017) ("[T]he undersigned takes this opportunity to caution Counsel of this Court's emphatic condemnation of the practice referred to as 'ghost writing' allegedly *pro se* complaints.") (collecting authority).

And courts have specifically extended this condemnation to an attorney drafting a complaint or pleading, as the complaint is the kind of substantive pleading that the Eleventh Circuit in *Hood* suggested must *not* be ghostwritten. *E.g., Garcia*, 2016 WL 9376014, at *5 ("If an attorney were to draft or help to draft an amended complaint, then he or she should either file a notice of appearance or submit an affidavit or declaration explaining why that has not occurred."); *Bardfield*, 2010 WL 2278461, at *4 n.4 ("If Chisholm submits pleadings that are represented as being pro se in nature but in actuality have been drafted by an attorney, Chisholm would receive an unfair advantage in that his pleadings would be construed liberally while those filed by Plaintiffs would be held to a higher level of scrutiny; this advantage could affect other aspects of the litigation as well.") (collecting authority); *Downey*, 2017 WL 8186786, at *11 (condemning ghostwriting of "allegedly *pro se* complaints").

**B.**  **This Court Should Determine That the Amended Complaint Was Ghostwritten Because It Was "Manifestly Written by Someone with Some Legal Knowledge."**

The quality of Senatus's filings in this matter is widely discrepant.  And Senatus represents that he lacks legal training.  But the Amended Complaint, CIV D.E. 25, is a sophisticated document that uses high-level legal diction appropriately and accurately cites to statutes, rules, and court documents.  It is apparent that this document, especially when compared with other filings in this matter, was "manifestly written by someone with some legal knowledge," which Senatus admittedly lacks.  *Ellis*, 448 F.2d at 1328.  Accordingly, this Court should determine that the Amended Complaint was improperly ghostwritten, or, if it is unable to do so, hold a hearing or take other investigative action to determine that it were ghostwritten.

Defendants respectfully submit that it is obvious from the face of the Amended Complaint that it was written by someone with legal knowledge.  Courts have found ghostwriting under those circumstances.  *See, e.g., Hammett*, 2011 WL 13175525, at *1 n.1 (noting that 'Contrary to Plaintiff's self-proclaimed '*pro se*' status, her present motion appears to have been written by someone with formal legal training.");  *United States v. Black*, 2015 WL 1623029, at *4 n.5 (D. Kan. Apr. 13, 2015) (noting that "[i]t is patently obvious that Black's *pro se* motions are 'ghost written'");  *see also Ellis*, 448 F.2d at 1328 ("We reserve the right, where a brief gives occasion to believe that the petitioner has had legal assistance, to require such signature, if such, indeed, is the fact.").

But in addition to the "sniff" test, which Defendants respectfully submit leads to no other conclusion but that the Amended Complaint was ghostwritten, two other factors apparent from the record strongly suggest that the Amended Complaint was not written by Senatus.

First, Senatus admits that he lacks legal training and knowledge is thus not capable of drafting a sophisticated legal document without assistance; he states that he is "not a actual

lawyer," that he is "doing everything in his full mental capacity to do according to thing set out for him as supplied in legal document(s)," that he is "of modest knowledge where these things are concerned & recives help from his fellow peers," and that he "has little experience & little resources." CIV D.E. 10.   The author of the Amended Complaint plainly does not fit these descriptions.   Courts have found or investigated ghostwriting where it is implausible that the *pro se* litigant, who lacked education or legal knowledge and training, could have drafted the document in question.   *See Saint Vil*, 2017 WL 5473745, at *2-3 (court investigated whether ghostwriting occurred after *pro se* plaintiff exhibited limited command of English); *United States v. Chavira-Nunez*, 2013 WL 12199436, at *1 n.1 (D. Colo. Nov. 15, 2013) (noting document "is obviously not a *pro se* motion and as an undisclosed ghost-written Motion it is a sham" where plaintiff had limited command of English).

Second, there is a significant discrepancy in the quality and sophistication both among Senatus's other filings in this matter and between all other filings and the Amended Complaint. Courts have found or investigated ghostwriting under these circumstances.   *See Garcia*, 2016 WL 9376014, at *1-2 & n.1, *5 (recommending further investigation of ghostwriting after Defendant argued that "it is apparent that his pleadings are actually being improperly ghostwritten by counsel" based on discrepancy in quality of initial eight-sentence form complaint and at-issue motion and amended complaint).

Some filings in this matter are consistent with the quality of filings frequently made by *pro se* litigants.[5]   For instance, the original Complaint, CIV D.E. 1, is very brief, and contains errors

---

[5] In so suggesting, Defendants are mindful of the liberal treatment that *pro se* litigants are typically afforded by courts, and are not suggesting that the grammatical quality of any of Senatus's filings should have any bearing on the potential merit of his claims.   Rather, they point this out in order

in grammar and sentence structure.  *Id.* ("I suffered major injuries to the head which resulted in black outs and memory loss, as well as all my front teeth, are knocked out.").  The Plaintiff's objections to the Magistrate's first Report, CIV D.E. 10, likewise contains similar indicia of a lack of higher education or legal training.  *Id.* ("Accorded to Civil Complaint Provided by court…."); ("quiet frankly…").  Other filings appear to be of similar quality.  *See* CIV D.E. 13 ("I Pender Senatus is asking the courts to please summons my 3 defendants in this civil case."); CIV D.E. 24 ("Motion for Extentional Times"); CIV D.E. 34 ("The Plaintiff is this matter is pro-se, responding threw U.S. mail. and does not want to jeperdize his claim…").

Some other documents appear to be of slightly higher quality, although it is unclear whether they were prepared in full or in part by a lawyer.[6]  In two similar filings (which were subsequently stricken), Senatus provides what appear to be attempts to expand the factual development of his Complaint.  CIV D.E. 15; D.E. 19.  These documents exhibit improved grammar and sentence structure and clarity relative to the other above-described filings, but still contain some indicia that they were not fully prepared by a juris doctor; for instance, the documents are not formatted as proper court filings; the word "I" is inconsistently upper and lower case; the use of quotation marks is inconsistent; the document contains run-on sentences, especially on the second page of the document.  Two other letters to the Court, CIV D.E. 11 & D.E. 17, appear (to even the untrained eye) to be written in starkly different handwriting than the other filings.  While these documents likewise exhibit stronger grammatical and syntactical command than other documents, they likewise contain indicia that they were not prepared in full by a lawyer, including an extremely

to highlight the contrast between the quality of such filings and the quality of the Amended Complaint.

[6] Senatus noted that he intended to seek help in filings from "his fellow peers."  CIV D.E. 10 ¶ 2.

informal tone, a failure to adhere to court filing conventions, and some grammatical errors ("courts filing").

In stark contrast to either the lower-quality filings (CIV D.E. 1, 10, 13, 24, 34) or even the higher quality filings (CIV D.E. 11, 15, 17, 19), the Amended Complaint, CIV D.E. 25, was obviously drafted by a lawyer or someone with extensive legal training.[7] Unlike many other filings, it largely comports with this Court's formatting conventions set forth in S.D. Fla. L. R. 5.1(a)(5). The document likewise largely comports with the requirements Fed. R. Civ. P. 8 and 10, including setting forth a plain statement of jurisdiction and venue, plainly and separately setting forth the relief requested by incorporating prior paragraphs by reference, and setting forth the allegations in separately numbered paragraphs. The tone of the document is legalistic, concise, and formal, describing in detail the factual allegations regarding the allegedly improper use of force that Senatus claims occurred. Unlike Senatus's previous attempts to clarify his claim (CIV D.E. 15, 19), the document is written in the third person, consistently referring to Senatus as "Plaintiff." The document appropriately uses high-level legal diction, such as describing the action as one "to redress the deprivation of rights guaranteed, under color of law, secured by the constitution of the United States," CIV D.E. 25 ¶ 1; describing the venue as one "where the events giving rise to this claim occurred," *id.* ¶ 2; accusing defendants of "act[ing] in concert together," *id.* ¶ 14, and seeking certain damages against Defendants "jointly and severally," *id.* ¶ 21. Such sophisticated language is not merely contained in the "legal" sections of the Complaint; the factual allegations are likewise made with significantly higher command of diction and syntax than any other filing. *E.g., id.* ¶ 3 ("The sudden screams and commands scared Plaintiff enough to force

---

[7] The Amended Complaint likewise appears, at least to the untrained eye, to be handwritten by a different individual than any other document filed in this case.

him to turn around, and it was at this time that he realized the screams and commands were coming from officers."); *id.* ¶ 14 ("Plaintiff knows which officers participated in his brutal assault but due to his only defense of turning his head away from the blows in an attempt to shield his face, he is unaware of which officers threw the first or final blows.").  Relatedly, unlike the other documents filed by Senatus, the Amended Complaint is largely free of spelling and grammar errors, despite its permeating use of more complex diction and sentence structure.

In short, it is apparent from the face of the Amended Complaint that the document was substantially, if not wholly, prepared by a lawyer or someone other than Senatus with significant legal training, and it is implausible that the same individual who drafted some of the lower-quality filings in this matter could have prepared the Amended Complaint.  This Court should determine that the Amended Complaint was improperly ghostwritten or, if it cannot so determine on the existing record, hold a hearing or take other appropriate investigative measures to determine that it was.

## C. <u>This Court Should Strike the Amended Complaint as Improperly Ghostwritten</u>

Because for the reasons explained it is patently apparent that the Amended Complaint, CIV D.E. 25, is substantially ghostwritten by an attorney, and because ghostwriting is, for the reasons explained, improper, Defendants respectfully request that this Court strike the Amended Complaint.

Pursuant to Fed. R. Civ. P. 12(f), this Court, on its own or on motion, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Further, "the power to strike a pleading[] is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions."  *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); *see also Silva v. Swift*, 333 F.R.D. 245, 248 n.2 (N.D. Fla. 2019) ("[A] court

may strike pleadings and even motions pursuant to a federal court's inherent power and other Rules of Civil Procedure.") (collecting authority).  And under Fed. R. Civ. P. 11(a), the Court "must strike" any "unsigned paper."

Thus courts have frequently stricken filings that they have determined to be improperly ghostwritten.  *See, e.g., In re Dreamplay, Inc.*, 534 B.R. 106, 121 (Bankr. D. Md. 2015) (all papers filed with ghostwriting attorney's assistance stricken, in addition to other sanctions); *Gordon v. Dadante*, 2009 WL 1850309, at *27 (N.D. Ohio June 26, 2009) ("This Court will continue to strike ghostwritten submissions from any party" and suggesting other sanctions may be appropriate); *United States v. Benally*, 2011 WL 13289866, at *2 (D.N.M. Mar. 21, 2011) ("[A]n appropriate sanction is to strike attorney ghostwritten documents."); *see also Saint Vil v. Perimeter Mortgage Funding Corp.*, 2016 WL 4150027, at *1 (N.D. Ga. Mar. 17, 2016) (summarily denying ghostwritten motion as improperly filed).

Indeed, the apparent ghostwriting of the Amended Complaint raises special concerns in this case.  The allegations in the Amended Complaint—that Defendants used excessive force in arresting Plaintiff, including wantonly beating him after he had been handcuffed and was not resisting arrest—stand in stark contrast to the sworn testimony of all three Defendants at Senatus's criminal trial that Senatus violently resisted arrest and assaulted Defendants in the course of the arrest, and continued to violently resist even after being handcuffed.[8]  The Amended Complaint also neglects to mention the loaded semiautomatic handgun that fell off Senatus's person in the course of the arrest, nor does it mention that the jury convicted Senatus for being in possession of

---

[8] Defendants learned that a trial transcript of the criminal case was never created.  Defendants are prepared to order the transcript if and when it becomes appropriate to support their defense in this case.

the ammunition in that handgun.  An attorney transparently preparing a pleading in this matter on Senatus's behalf would have been required to certify that the "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3).  The attorney would have also been under ethical obligations not to advance allegations that he or she believed not to be true.  If this Court were to decline to strike the Amended Complaint, Defendants would have to answer a pleading that has plainly been prepared by an attorney but without any assurance that the unidentified attorney has complied with fundamental ethical obligations bearing directly on the allegations made in the document he or she drafted.  Allowing Senatus to utilize an undisclosed attorney to advance his claims without complying with these ethical obligations would thus confer the sort of "unfair advantage" on Senatus that the Eleventh Circuit suggested is improper.  *See Hood*, 727 F.3d at 1365.  Striking the Amended Complaint would provide an appropriate remedy.

Defendants further submit that as a prophylactic measure against future ghostwriting the Court should require Senatus to sign future pleadings with the following disclaimer: "I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have authored the foregoing document without assistance from any undisclosed attorney."  The court in *Saint Vil*, 2017 WL 5473745, at *4, imposed a substantially similar requirement.

Defendants finally request that this Court take any additional remedial measures that it deems necessary and appropriate under the circumstances.

## IV.   <u>**CONCLUSION**</u>

For these reasons, Defendants respectfully request that this Court (1) strike the Amended Complaint, CIV D.E. 25, as improperly ghostwritten; (2) require Senatus to certify that future filings have not been prepared with the assistance of an attorney; and (3) take any other action concerning improper ghostwriting that this Court deems just and proper.

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Defendants hereby certifies that on June 1, 2021, counsel for Defendants sent a letter by U.S. Mail to Plaintiff at the address listed on file stating Defendants' intention to file the instant motion and requesting Plaintiff's position on the relief requested.  As of the date of filing, Defendants have not received a response from Plaintiff.

Dated: June 8, 2021           Respectfully submitted,
Fort Lauderdale, Florida

**JUAN ANTONIO GONZALEZ**
**ACTING UNITED STATES ATTORNEY**

By: /s/ Johnathan D. Lott
JOHNATHAN D. LOTT
Fla. Bar. No. 0116423
Assistant United States Attorney
United States Attorney's Office
Email: johnathan.lott@usdoj.gov
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 660-5931

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2021, I electronically filed the foregoing document with the

Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served by

U.S. mail to:

> Pender Senatus
>
> PRO SE
>
> Broward County Main Jail Inmate Mail/Parcels Post Office Box 9356
>
> Fort Lauderdale, FL 33310
>
> USA
>
> 501702929

Dated: June 8, 2021                        Respectfully submitted,
Fort Lauderdale, Florida

**ARIANA FAJARDO-ORSHAN**
**UNITED STATES ATTORNEY**

By: /s/ Johnathan D. Lott
JOHNATHAN D. LOTT
Fla. Bar. No. 0116423
Assistant United States Attorney
United States Attorney's Office
Email: johnathan.lott@usdoj.gov
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 660-5931