UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60818-CV-SMITH
MAGISTRATE JUDGE REID

PENDER SENATUS,

    Plaintiff,
v.

GERARDO LOPEZ, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This cause is before the Court on Defendants' Motion to Strike Amended Complaint as Improperly Ghostwritten ("Motion"). [ECF No. 50]. This matter has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636 and Fla. Admin. Order 2019-2. [ECF No. 2].

Defendants, identifying stylistic and handwriting differences between Plaintiff's previous pleadings and the Amended Complaint [ECF No. 25], assert that the Amended Complaint "was obviously drafted by a lawyer or someone with extensive legal training" and move to strike the pleading pursuant to Fed. R. Civ. P. 12(f). [ECF No. 50 at 13]. Plaintiff has filed a Response to Defendants' Motion and does not admit that an attorney drafted his Amended Complaint. [ECF No. 52]. Defendants have filed a Reply [ECF No. 53].

Accordingly, upon review of the Motion and the pleadings, the Undersigned **RECOMMENDS** that Defendants' Motion [ECF No. 50] be **DENIED**.

1

## I. Procedural History

Plaintiff, a *pro se* prisoner, filed an Amended Complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 402 U.S. 388 (1971), against Defendants Gerardo Lopez, David Jacques, and Hank Juntunen for their purported use of excessive force in violation his rights under the Fourth Amendment. [ECF No. 25]. These Defendants are members of the Broward County Sheriff's Office who were deputized by the U.S. Marshals Service as part of a federal Fugitive Task Force at the time of the alleged incident. [*Id.*]. Before Plaintiff filed his Amended Complaint, he filed an initial complaint [ECF No. 1] that was dismissed with leave to amend for failure to state a claim. [ECF No. 18]. Plaintiff's Amended Complaint [ECF No. 25] cured the deficiencies that this Court identified within his initial complaint, and the claim proceeded. [ECF No. 29].

Defendants and the United States were served with the Amended Complaint and filed this Motion. [ECF No. 50]. Defendants request that the Court determine that Plaintiff's Amended Complaint was improperly ghostwritten (by means of a hearing or other investigatory measure), strike the Amended Complaint, require that Plaintiff certify in all future filings that he has not received any assistance from a lawyer, and take any other action this Court deems just and proper. [*Id*. at 7, 16].

Subsequently, Defendants filed an Amended Certificate of Conferral, informing the Undersigned that Plaintiff and his girlfriend called Defendants' counsel and informed Defendants' counsel that Plaintiff was proceeding *pro se* and had not retained an attorney. [ECF No. 51]. Plaintiff then filed a Response, claiming that his "access to legal material/law library to help [him] with [the] complaint is limited without the proper help of one who's more experienced in the law, which leaves [him] with no other choice but to seek/receive outside help due to [his] limited access to legal material/law library . . . ." [ECF No. 52 at 2]. Plaintiff asks the "court not to grant

Defendants' motion to Dismiss [his] complaint as [their] claim is prejudice & a farfetched try to deter Justice from being served [sic]." [*Id*]. Finally, Defendants filed a Reply, alleging that Plaintiff's Response bolsters their arguments because Plaintiff "all but admits that the Amended Complaint . . . was improperly ghostwritten by an attorney." [ECF No. 53 at 2].

## II. Standard of Review

Fed. R. Civ. P. 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally viewed with disfavor and denied unless "it is clear that the matters stricken have no possible relationship to the controversy and may prejudice the other party." *McNair v. Monsanto Co.*, 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003). While a *pro se* party filing a pleading prepared by an attorney taints the legal process, "more than a mere supposition should be alleged before utilizing the inherent power of the Court to thoroughly prejudice a party by striking" his pleadings. *Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 72 (M.D. Fla. 1996).

## III. Discussion

An attorney ghostwriting for a *pro se* litigant is improper because it affords the litigant the benefit of the court's liberal construction of *pro se* pleadings while also shielding the attorney from responsibility for his counsel. *See, e.g.*, *Duran v. Carris*, 238 F.3d 1268, 1271-72 (10th Cir. 2001); *Garcia v. Thor Motor Coach, Inc.*, No. 16-20230-CIV, 2016 U.S. Dist. LEXIS 142664, at *13 (S.D. Fla. Oct. 13, 2016). An inmate getting help from a jail-house clerk to draft his pleadings is appropriate, however, and does not carry the same unethical presumption as attorney ghostwriting. *See Johnson v. Avery*, 393 U.S. 483, 487 (1969) (supporting the trial court's conclusion that "for all practical purposes, if [illiterate or poorly-educated] prisoners cannot have the assistance of a 'jail-house lawyer,' their possibly valid constitutional claims will never be heard in any court");

*Paull v. Tony*, No. 19-63170-CV, 2020 U.S. Dist. LEXIS 27510, at *4-5 (S.D. Fla. Feb. 14, 2020) (finding inmate litigants are deprived of access to the courts when, due to inadequate resources in the jail, their claims are dismissed for failure to comply with procedural or technical requirements); *see also Ellis v. Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971) ("We are entirely agreeable to a petitioner having what is colloquially termed a jailhouse lawyer. What we fear is that in some cases actual members of the bar represent petitioners.").

A *pro se* litigant filing a pleading with advanced diction and style in comparison to other submitted pleadings does not necessarily demonstrate that an attorney prepared the pleading. *See Somerset,* 168 F.R.D. at 71-74 (denying motion to strike pleadings because allegation of ghostwriting lacked factual support when the only evidence movant offered was the discrepancy in phraseology and grammar between nonmovant's previous and current filings). While courts may exercise their discretion to order a party to submit a clarifying affidavit on the issue of ghostwriting, it is unusual for a court to take any action absent concrete evidence of ghostwriting, such as an admission from the *pro se* litigant or ghostwriting attorney. *See Garcia*, 2016 U.S. Dist. LEXIS 142664, at *12-13 (ordering litigant to submit declaration affirming his *pro se* status after defendants submitted memorandum arguing that a ghostwriting attorney drafted the pleadings); *see, e.g.*, *Saint Vil v. Perimeter Mortg. Funding Corp.*, No. 1:14-cv-01428-MHC-RGV, 2016 U.S. Dist. LEXIS 154932, at *4 (N.D. Ga. Mar. 17, 2016) *and In re Dreamplay, Inc.*, 534 B.R. 106, 125 (Bankr. D. Md. 2015) (both courts relying on litigant's admission of attorney involvement before acting on ghostwriting).

In this Motion, Defendants argue that Plaintiff's Amended Complaint was ghostwritten by an attorney or someone else with significant legal knowledge because it comported with this Court's formatting requirements and the Federal Rules of Civil Procedure, and used "high-level

4

legal diction" with a tone that was "legalistic, concise, and formal." [ECF No. 50 at 13]. The Motion also raises attention to the incongruity of the handwriting between Plaintiff's Amended Complaint and former pleadings and the Amended Complaint being "largely free of spelling and grammar errors" in comparison to Plaintiff's other filings. [ECF No. 50 at 14].

While the Undersigned agrees that attorney ghostwriting is universally condemned, the facts that Defendants provide to support their allegations of attorney ghostwriting amount to a speculation. While Plaintiff's Amended Complaint [ECF No. 25] was greatly improved, it was not of such a high-quality for the Court to suspect it was written by an attorney. To provide just one example, the Amended Complaint's Jurisdiction & Venue statement [ECF No. 25 at 1] does not specify the sections under which the U.S. Code grants jurisdiction, instead vaguely referencing "applicable Fed. R. Civ. Procedure." [*Id.*]. The Amended Complaint is an example of a sufficiently well-pleaded *pro se* complaint but does not exhibit sufficient legal expertise for the Undersigned to believe an attorney wrote it. This Court is not prepared to identify an adequate pleading submitted by a *pro se* plaintiff with "little experience & little resources" [ECF No. 10] as manifestly written by an attorney.

Defendants refer to a "sniff test" that led them to conclude that the modestly educated and legally unsophisticated Plaintiff could not have filed such adequate pleadings absent ghostwriting assistance from an attorney. [ECF No. 50 at 10]. Such an assertion, however, disregards the alternate conclusion that the indigent Plaintiff exercised his right to access the courts by consulting with templates, "his fellow peers" [ECF No. 10 at 2], and other resources available from inside the jail to replead his claims properly. *See Wolff v. McDonnell*, 418 U.S. 539, 579 (1974) (upholding the assistance of jail-house clerks and recognizing that prisoners' constitutional and civil rights

would be diluted if they were unable to articulate their complaints to the courts due to their legal inexperience or poor education).

Furthermore, while Plaintiff appears to assert in his Response that his Amended Complaint was written with outside help, nowhere in his Response does Plaintiff admit that his Amended Complaint was written by an attorney. *See* [ECF No. 52 at 2]. Accordingly, this Court will not act against the Plaintiff's pleadings absent any concrete evidence of attorney ghostwriting. In *Somerset*, the court refused to open an evidentiary hearing or strike pleadings based on an accusation of ghostwriting when certain pleadings from the *pro se* litigant appeared advanced enough to have been drafted by an attorney. 168 F.R.D. at 74. Similarly, this Court does not presume high-level diction and grammar to be concrete evidence of ghostwriting. Additionally, Plaintiff and his girlfriend directly notified Defendants' counsel that he was proceeding *pro se*. [ECF No. 51].

### IV. Recommendations

Accordingly, it is **RECOMMENDED** that Defendants' Motion to Strike Amended Complaint as Improperly Ghostwritten [ECF No. 50] be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 19th day of August, 2021.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **Pender Senatus**
Inmate No. 501702929
Broward County Main Jail
Inmate Mail/Parcels
P.O. Box 9356
Fort Lauderdale, FL 33310
PRO SE

Johnathan D. Lott
Assistant United States Attorney
United States Attorney's Office
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Email: johnathan.lott@usdoj.gov
Counsel for Defendants