UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60818-CIV-SMITH

PENDER SENATUS,

    Plaintiff,
vs.

GERARDO LOPEZ, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING
## REPORT OF MAGISTRATE JUDGE

This matter is before the Court upon the Magistrate Judge's Report and Recommendation [DE 111], on Defendants' Motion for Judgment on the Pleadings ("Motion") [DE 101]. In the Report and Recommendation, the Magistrate Judge recommends granting the Motion and that Plaintiff's Amended Complaint be dismissed.

Plaintiff Pender Senatus ("Plaintiff") filed his action for damages under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claiming use of excessive force by Broward County Sheriff's deputies who had been acting as part of a United States Marshal Fugitive Task Force charged with apprehending dangerous fugitives. (Am. Compl. at DE 25.) Plaintiff was wanted for murder. Defendants Gerardo Lopez, David Jaques, and Hank Juntunen, acting in their role as members of the Task Force, located Plaintiff at home on July 25, 2017. (*Id.*) Plaintiff alleges that he was speaking on his cell phone while walking into his residence when Defendants arrived, commanding him not to move or run. (*Id.*) Plaintiff alleges that before he could react, Defendants tackled him and placed him on his stomach. (*Id.*) Plaintiff further alleges that another officer got onto his back and handcuffed him. (*Id.*) While he was handcuffed,

Defendants began punching and kicking him and screamed at him to stop resisting even though he was not resisting. (*Id.*) After the beating, the officers allegedly lifted Plaintiff to his knees. Plaintiff claims that he was weak, bleeding, disoriented, in severe pain, and had lost several teeth. Plaintiff claims that the officers then dragged him in front of the car porch and dropped him face down onto the pavement. An officer purportedly struck Plaintiff in the face while using a racial epithet. Plaintiff states that he was rendered unconscious by the beating, and then transported to a nearby hospital. (*Id.*) Plaintiff avers that he sustained the following injuries: "broken nose, black eye, several hematomas (knots) all over his head and face, five missing teeth, a fractured jaw, and severe long-term, possibly permanent damage to his right arm." (*Id.* at 3). Further, he claims he still cannot raise his arm over his head and suffers from nightmares of police beatings. (*Id.*).

In its 1971 *Bivens* decision, the Supreme Court recognized a damages remedy against individual federal law enforcement agents who violated a plaintiff's Fourth Amendment Right against unreasonable search and seizure. *See generally* 403 U.S. 388–98. For many years Bivens provided a remedy for injuries, such as those Plaintiff alleges he sustained. However, after the Supreme Court's recent decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022), Plaintiff's allegations no longer support a cognizable Bivens action. Therefore, Defendants are entitled to judgment on the pleadings.

The Magistrate Judge recommends that the Motion be granted. Plaintiff has filed no Objections to the Magistrate Judge's Report and Recommendation. Having reviewed, *de novo*, the Magistrate Judge's Report and Recommendation to District Judge and the record, and given that Plaintiff has filed no Objections, it is

**ORDERED** that:

1) The Report and Recommendation to District Judge [DE 111] is **AFFIRMED and ADOPTED** and incorporated by reference into this Court's Order.

2) Defendants' Motion for Judgment on the Pleadings [DE 101] is **GRANTED**.

3) Plaintiff's Amended Complaint is **DISMISSED with prejudice.**

4) All pending motions not otherwise ruled on are **DENIED as moot**.

5) This case is **CLOSED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 16th day of November 2022.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: Counsel of record